IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RAYMOND PHILLIPS, | : | |
| *Plaintiff*, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 25-CV-0171 |
| | : | |
| JEREMY WEINMAN, *et al.*, | : | |
| *Defendants*. | : | |

**MEMORANDUM**

**Pappert, J.**                                                                                       **February 27, 2025**

Plaintiff Raymond Phillips, a convicted prisoner currently incarcerated at Berks County Prison, filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983, asserting violations of his constitutional rights arising from his arrest and conviction on firearm possession and drug charges. Currently before the Court are Phillips's Complaint (ECF No. 2, "Compl."), his Motion for Leave to Proceed *In Forma Pauperis* (ECF No. 1), and his prisoner trust fund account statement (ECF No. 3.)

Phillips asserts claims against the following Defendants: (1) City of Reading Police Officer Jeremy Weinman, (2) the "Berks County City of Reading Police Department," (3) Assistant District Attorney Kathryn Lynne Lehman, and (4) Public Defender Amy Litvinov. (*Id.* at 3-4.) For the following reasons, Phillips will be granted leave to proceed *in forma pauperis*. His claims against Lehman and Litvinov will be dismissed with prejudice. The Court will abstain from addressing the remainder of Phillips's claims pursuant to *Younger v. Harris*, 401 U.S. 37 (1971), and the case will be stayed.

I[1]

Phillips alleges that on May 17, 2023, Officer Weinman stopped him as a result of racial profiling, falsely claiming that he was dispatched after receiving a 911 call. (Compl. at 8.)  He also asserts that Weinman falsely claimed to have seen Phillips holding marijuana in his hand when he arrived on the scene, and that Weinman's subsequent search and arrest of Phillips were effected without probable cause.  (*Id*.)  Phillips asserts that in the course of his subsequent criminal prosecution, the assigned prosecutor, Lehman, violated his due process rights by "deliberately, purposely, and maliciously" withholding evidence that would have led to the dismissal of his case, including complete bodycam and dashcam recordings of the encounter.  (*Id*.)  Finally, Phillips alleges that Litvinov, his assigned public defender, provided ineffective assistance of counsel because she "did not defend [him] like she was suppose[d] to" and was ineffective in representing him.  (*Id*. at 9.)  Specifically, he asserts that she did not adequately investigate his case, question witnesses, and litigate discovery issues.  (*Id*.)

On March 26, 2024, Phillips was convicted on two charges of unlawful possession of a firearm and one charge of marijuana possession stemming from the May 17, 2023 arrest.  *See Commonwealth v. Phillips*, CP-06-CR-2231-2023 (C.P. Berks).  The public docket reflects that Phillips appealed his conviction and is currently awaiting a decision from the Pennsylvania Superior Court.  *Id.*  Phillips seeks $50 million in punitive damages.  (*Id*. at 10.)

---

[1] The allegations set forth in this Memorandum are taken from Phillips's Complaint. (ECF No. 2.)  The Court adopts the pagination supplied by the CM/ECF docketing system. Additionally, the Court includes facts reflected in the publicly available state court docket, of which this Court may take judicial notice.  *See Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006).

II

The Court will grant Phillips leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action.[2] Accordingly, his Complaint is subject to screening pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  That provision of the Prison Litigation Reform Act requires the Court to dismiss the supplemented Complaint if it fails to state a claim.  Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher*, 184 F.3d at 240, which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).  "At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (*abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197 (3d Cir. 2024) (3d Cir. 2024) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)).  Conclusory allegations do not suffice.  *Iqbal*, 556 U.S. at 678.  As Phillips is proceeding *pro se*, the Court construes his allegations liberally.  *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

---

[2] Because he is a prisoner, the PLRA requires Phillips to pay the full amount of the filing fee in installments regardless of the outcome of this case.

III

Phillips alleges claims under the Fourth, Sixth, and Fourteenth Amendments. The vehicle by which federal constitutional claims may be brought in federal court is 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "A defendant in a civil rights action must have personal involvement in the alleged wrongs" to be liable. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988); *Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020) ("Personal involvement requires particular 'allegations of personal direction or of actual knowledge and acquiescence.'" (quoting *Rode*, 845 F.2d at 1207)). *See Iqbal*, 556 U.S. at 676 (explaining that "[b]ecause vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution").

A

Phillips alleges that Lehman violated his Fourteenth Amendment due process rights by failing to disclose exculpatory evidence that would have led to the dismissal of his case. (Compl. at 8.) These claims are based on Lehman's representation of the Commonwealth in the criminal proceedings against Phillips.

Prosecutors are entitled to absolute immunity from liability under § 1983 for acts that are "intimately associated with the judicial phase of the criminal process" such as "initiating a prosecution and . . . presenting the State's case." *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976). Absolute immunity extends to the decision to initiate a prosecution, *Imbler*, 424 U.S. at 431, including "soliciting false testimony from

4

witnesses in grand jury proceedings and probable cause hearings," *Kulwicki v. Dawson*, 969 F.2d 1454, 1465 (3d Cir. 1992), presenting a state's case at trial, *Imbler*, 424 U.S. at 431, and appearing before a judge to present evidence. *Fogle v. Sokol*, 957 F.3d 148, 160 (3d Cir. 2020). *See also id.* at 164 (3d Cir. 2020) (prosecutors were entitled to immunity from claims based on allegations "that at hearings and at trial the Prosecutors withheld material exculpatory evidence from defense counsel, the court, and the jury; filed a criminal complaint without probable cause; and committed perjury before and during trial"). Because Lehman's alleged misconduct occurred in the course of her representation of the Commonwealth in Phillips's criminal proceedings, she is entitled to absolute immunity and the claims against her will be dismissed with prejudice.

B

Phillips asserts a Sixth Amendment claim for ineffective assistance of counsel against Litvinov based on her failure to adequately defend him. However, "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981) (footnote omitted). "Attorneys performing their traditional functions will not be considered state actors solely on the basis of their position as officers of the court." *Angelico v. Lehigh Valley Hosp., Inc.*, 184 F.3d 268, 277 (3d Cir. 1999). *See also Clark v. Punshon*, 516 F. App'x 97, 99 (3d Cir. 2013) (*per curiam*) (noting that a court-appointed attorney is not a state actor for purposes of § 1983); *Webb v. Chapman*, 852 F. App'x 659, 660 (3d Cir. 2021) (*per curiam*) ("[A]ttorneys representing individuals in criminal proceedings generally are not state actors for purposes of § 1983."). Because Litvinov was not a state actor when she represented

Phillips in his criminal action, she is not amenable to suit under 42 U.S.C. § 1983 and the claims against her will be dismissed with prejudice.

C

Finally, Phillips asserts claims under the Fourth and Fourteenth Amendment against Weinman, alleging that he effected the May 17, 2023 arrest without probable cause and based on racial profiling, as well as a claim against his employer, the City of Reading. (Compl. at 8.) In *Younger*, 401 U.S. 37, the United States Supreme Court "established a principle of abstention when federal adjudication would disrupt an ongoing state criminal proceeding." *Yang v. Tsui*, 416 F.3d 199, 202 (3d Cir. 2005) (discussing *Younger*). "*Younger* abstention is only appropriate in three types of underlying state cases: (1) criminal prosecutions, (2) civil enforcement proceedings, and (3) civil proceedings involving orders in furtherance of the state courts' judicial function." *PDX N., Inc. v. Comm'r New Jersey Dep't of Labor & Workforce Dev.*, 978 F.3d 871, 882 (3d Cir. 2020) (internal quotations omitted). It is "premised on the notion of comity, a principle of deference and 'proper respect' for state governmental functions in our federal system." *Evans v. Court of Common Pleas, Delaware Cty., Pa.*, 959 F.2d 1227, 1234 (3d Cir. 1992). Comity concerns are especially heightened when the ongoing state governmental function is a criminal proceeding. *Id.* The specific elements that warrant abstention are that "(1) there are ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise federal claims." *Schall v. Joyce*, 885 F.2d 101, 106 (3d Cir. 1989). Exceptions to the *Younger* doctrine exist where irreparable injury is "both great and immediate," where the state law is "flagrantly and patently violative of express constitutional prohibitions," or where there is a showing of

"bad faith, harassment, or . . . other unusual circumstance that would call for equitable relief." *Younger*, 401 U.S. at 46, 53-54. These exceptions are to be narrowly construed. *Hall v. Pennsylvania*, No. 12-2373, 2012 WL 5987142, *2 (M.D. Pa. 2012) (citing *Loftus v. Twp. of Lawrence Park*, 764 F. Supp. 354, 357 (W.D. Pa. 1991)).

The *Younger* requirements are clearly met in this case for the claims against Weinman and the City of Reading. First, the publicly available docket from the Berks County Court of Common Pleas reflects that Phillips appealed his conviction and is currently awaiting a decision by the Pennsylvania Superior Court. Second, the state proceedings implicate the Commonwealth's important interest in enforcing its criminal laws. Third, the appellate proceedings provide Phillips an adequate opportunity to argue in the state forum that Weinman's alleged misconduct resulted in his arrest and prosecution in a manner that violated his constitutional rights.[3] Further, there is nothing in the Complaint to indicate that Phillips's claims fall within any of the narrow exceptions to the *Younger* doctrine. Accordingly, it is appropriate to abstain from entertaining Phillips's remaining claims against Weinman and the City of Reading out of deference to the state judicial process. *See Ellis v. Mondello*, No. 05-1492, 2005 WL 1703194, at *3 (D.N.J. 2005) ("[A]ssuming the criminal action is still pending in a state trial or appellate court, review of the state court proceedings would be barred; a district court cannot interfere in a pending state criminal action in order to consider issues that a plaintiff can raise there.").

---

[3] This Court may assume that the state procedures will afford Phillips an adequate remedy. *See Kelm v. Hyatt*, 44 F.3d 415, 420 (6th Cir. 1995) (citing *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1 (1987)) ("Initially, we must presume that the state courts are able to protect the interests of the federal plaintiff.").

IV

For the reasons stated, Phillips will be granted leave to proceed *in forma pauperis*. His claims against Lehman and Litvinov will be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The Court will abstain from addressing the remainder of Phillips's claims pursuant to *Younger v. Harris*, 401 U.S. 37 (1971), and the case will be stayed. Phillips may move to reopen this action following the resolution of his pending appeal. An appropriate Order follows.

**BY THE COURT:**

***/s/ Gerald J. Pappert***
**Gerald J. Pappert, J.**