IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RAYMOND PHILLIPS, : | |
|    *Plaintiff,* : | |
| : | |
| v. : | CIVIL ACTION NO. 25-CV-0171 |
| : | |
| JEREMY D. WEINMAN, *et al.*, : | |
|    *Defendants.* : | |

## MEMORANDUM

**Pappert, J.**                                                                                   May 19, 2025

      In a February 27, 2025 Memorandum and Order, the Court dismissed certain Defendants and stayed all remaining claims pursuant to the abstention doctrine announced in *Younger v. Harris*, 401 U.S. 37 (1971). (*See* ECF Nos. 5, 6.) Abstention was required because Phillips's remaining § 1983 claims involved the Defendants' actions in Phillips's arrest, prosecution, and ultimate conviction on firearm and drug charges in *Commonwealth v. Phillips*, CP-06-CR-2231-2023 (C.P. Berks), which was pending appeal before the Superior Court of Pennsylvania. The Court stayed this case and ordered Phillips to notify the Court upon final resolution of his related appellate proceedings. (ECF No. 6 at 2.)

      On April 3, 2025, Phillips filed a letter with the Court, which the Court construes as a Motion to Lift the Stay. (ECF No. 9.) He asserts that the case should proceed because his criminal appeal was denied on March 26, 2025, concluding his state court proceedings. (*Id*. at 1.) For the following reasons, the Court will grant the Motion, lift the stay, and dismiss the Complaint in part with prejudice and in part

without prejudice. Phillips will be allowed to file an amended complaint if he can correct the deficiencies noted as to the claims dismissed without prejudice.

I

Phillips alleges that on May 17, 2023, Defendant Officer Weinman stopped him as a result of racial profiling, falsely claiming that he was dispatched after receiving a 911 call. (ECF No. 2 ("Compl.") at 8.) He also contends that Weinman's subsequent search and arrest were effected without probable cause. (*Id*. at 6, 8.) Phillips asserts that in his subsequent prosecution, Weinman testified falsely about being dispatched by the 911 call and to seeing Phillips holding marijuana in his hand when he arrived on the scene. (*Id*.) Phillips also claims Weinman did not activate his body worn camera or dash cam throughout the incident. (*Id*.) The Court understands Phillips to be asserting claims for unlawful search and seizure and false arrest in violation of the Fourth Amendment, selective enforcement in violation of the Fourteenth Amendment Equal Protection Clause, and giving false testimony.[1] Phillips also names as a defendant the Berks County City of Reading Police Department but does not discuss the Department in the body of the Complaint nor specify the nature of his claim(s) against it.

The public docket for Phillips's underlying criminal case indicates that following a non-jury trial he was found guilty on March 26, 2024 of (1) prohibited possession of a firearm; (2) possession of a concealed firearm without a license; and (3) marijuana possession. *Phillips*, CP-06-CR-2231-2023. He was sentenced to 6 to 12 years on the

---

[1] To the extent the Complaint invokes other constitutional provisions, (Compl. at 4), they are either inapplicable here or were previously addressed in the Court's prior memorandum, (ECF No. 5).

first firearm charge and 40 months to 7 years on the second. *Id*. Phillips filed a notice of appeal of his conviction and sentence on June 5, 2024, and on March 26, 2025 the conviction was affirmed by the Superior Court. *Id; see also Commonwealth v. Phillips*, 812 MDA 2024 (Pa. Super. Ct. Mar. 26, 2025). Phillips seeks $50 million in punitive damages.[2] (*Id*. at 10.)

## II

The Court previously granted Phillips leave to proceed *in forma pauperis*. (ECF No. 6.) Accordingly, his remaining claims are subject to screening pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). That provision requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher*, 184 F.3d at 240, which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (*abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197 (3d Cir. 2024) (3d Cir. 2024) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)). Conclusory

---

[2] The Court previously dismissed Phillips's claims against Defendants Kathryn Lynne Lehman and Amy Litvinov with prejudice. (*See* ECF No. 6.)

allegations do not suffice. *Iqbal*, 556 U.S. at 678. As Phillips is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

### III

### A

Phillips names as a Defendant Berks County City of Reading Police Department, which the Court understands to be an attempt to sue the Reading Police Department. Following the decision in *Monell v. Dept. of Social Servs.*, 436 U.S. 658, 694 (1978), courts concluded that a police department is a sub-unit of the local government and, as such, is merely a vehicle through which the municipality fulfills its policing functions. *See e.g. Johnson v. City of Erie, Pa.*, 834 F. Supp. 873, 878-79 (W.D. Pa. 1993). Thus, while a municipality may be liable under § 1983, a police department, as a mere sub-unit of the municipality, may not. *Id.*; *Martin v. Red Lion Police Dept.*, 146 F. App'x. 558, 562 n.3 (3d Cir. 2005) (*per curiam*) (stating that police department is not a proper defendant in an action pursuant to 42 U.S.C. § 1983 because it is a sub-division of its municipality); *Bonenberger v. Plymouth Twp.*, 132 F.3d 20, 25 (3d Cir. 1997) ("As in past cases, we treat the municipality and its police department as a single entity for purposes of section 1983 liability" citing *Colburn v. Upper Darby Township*, 838 F.2d 663, 671 n.7 (3d Cir.1988)); *Hadesty v. Rush Twp. Police Dep't*, No. 14-2319, 2016 WL 1039063, at *9 n.4 (M.D. Pa. Mar. 15, 2016). Therefore, Reading Police Department is not a proper defendant in this case under Section 1983 and is dismissed with prejudice. *See Quintero v. City of Reading Police Dep't*, No. 24-3025, 2024 WL 3653051, at *1 (E.D. Pa. Aug. 5, 2024).

Moreover, Phillips has not pled a basis for municipal liability. To state a claim for municipal liability, a plaintiff must allege that the defendant's policies or customs caused the alleged constitutional violation. *See Monell*, 436 U.S. at 694; *Natale v. Camden Cty. Corr. Facility*, 318 F.3d 575, 583-84 (3d Cir. 2003). The plaintiff "must identify [the] custom or policy, and specify what exactly that custom or policy was" to satisfy the pleading standard. *McTernan v. City of York*, 564 F.3d 636, 658 (3d Cir. 2009). Phillips has not done so here.

B

Phillips alleges that Weinman lacked probable cause to "stop, detain, search and arrest [him]" during the May 17, 2023 incident and later lied to justify his actions. (Compl. at 8.) He also asserts that Weinman "racially profiled" him. (*Id.*) Liberally construed, Phillips asserts Fourth Amendment claims for unlawful search and seizure and false arrest, and a Fourteenth Amendment claim for selective enforcement.

1

Phillips claims that on May 17, 2023, Weinman stopped, searched, and arrested him without probable cause. (Compl. at 8.) He claims that Weinman was not in fact dispatched by 911 to investigate a parking violation and that Weinman did not, as he claimed, observe Phillips holding marijuana when he arrived on the scene of the incident. (*Id.*) Since Phillips unsuccessfully raised the same arguments in his state law appeal before the Superior Court of Pennsylvania, *see Commonwealth v. Phillips*, No. 812 MDA 2024, 2025 WL 945807, at *1 (Pa. Super. Ct. Mar. 26, 2025), his Fourth Amendment claims are barred by issue preclusion.

"Generally speaking, the . . . doctrine of issue preclusion, 'precludes the relitigation of an issue that has been put in issue and directly determined adversely to the party against whom the estoppel is asserted.'" *Brewer v. Hopple*, No. 15-0942, 2015 WL 3754548, at *5 (M.D. Pa. June 16, 2015) (citations omitted); *see also Dici v. Commonwealth of Pa.*, 91 F.3d 542, 547 (3d Cir. 1996) ("Issue preclusion is based upon the policy that 'a losing litigant deserves no rematch after a defeat fairly suffered, in adversarial proceedings, on an issue identical in substance to the one he subsequently seeks to raise.'") (citation omitted).

Federal courts look to state law in determining whether to apply issue preclusion. *See Marrese v. Am. Acad. of Orthopaedic Surgeons*, 470 U.S. 373, 381 (1985). Under Pennsylvania law, the following four conditions must be met in order to invoke issue preclusion: (1) the issue decided in the prior adjudication was identical with the one presented in the later action; (2) there was a final judgment on the merits; (3) the party against whom issue preclusion is asserted was a party or in privity with a party to the prior adjudication; and (4) the party against whom it is asserted has had a full and fair opportunity to litigate the issue in question in a prior action. *Shuder v. McDonald's Corp.*, 859 F.2d 266, 273 (3d Cir.1988).

"Collateral estoppel and issue preclusion principles have been frequently applied by the courts to bar re-litigation of unsuccessful criminal suppression motions in the guise of civil lawsuits." *Id*; *see also Flood v. Schaefer*, 754 F. App'x 130, 133 (3d Cir. 2018) (per curiam) ("Issues determined in criminal proceedings can have preclusive effect in subsequent civil proceedings.")

As the Superior Court noted, Phillips's appeal followed from the trial court's denial of his post-sentence motion challenging the court's denial of his motion to suppress. *Com. v. Phillips*, 2025 WL 945807, at *1. Phillips's central argument on appeal was that "[Officer Weinman] did not have reasonable suspicion to subject [Phillips] to an investigative detention and subsequent search." *Id.* at *2 (quotations omitted). The Superior Court rejected that argument as frivolous because, based on the lower's court's factual findings following a suppression hearing, Officer Weinman observed Phillips holding a bag of marijuana, a misdemeanor offense in Pennsylvania, and because under Rule 502 of the Pennsylvania Rules of Criminal Procedure, Weinman was therefore authorized to arrest Phillips without a warrant. *Id.* at *3. Further, Weinman was permitted to conduct a search incident to the arrest for marijuana possession, and thus Phillips's motion seeking to suppress the resulting evidence was properly denied. *Id.* at *2.

Phillips's Fourth Amendment claims seek to relitigate the same issue that was already heard and rejected by the Superior Court—i.e. whether Officer Weinman had a legal basis to stop, search, and arrest him on May 17, 2023. The Superior Court's ruling was a final decision on the merits as Phillips's time to appeal the matter to the Pennsylvania Supreme Court has now elapsed. *See* 42 Pa. C.S.A. § 9495(b)(3); *see also* Pa. R.A.P. 1113. Thus, the factors necessary for issue preclusion are met. Accordingly, Phillips's Fourth Amendment claims against Defendant Weinman are barred by issue preclusion and will be dismissed with prejudice.

2

Phillips also alleges that Weinman racially profiled him in violation of the Fourteenth Amendment Equal Protection Clause. (Compl. at 8.) To establish an equal protection claim based upon selective enforcement, a plaintiff must demonstrate (1) that he was treated differently from other similarly situated individuals, and (2) "that this selective treatment was based on an unjustifiable standard, such as race, or religion, or some other arbitrary factor . . . or to prevent the exercise of a fundamental right." *Dique v. N.J. State Police*, 603 F.3d 181, 184 n. 5 (3d Cir. 2010) (citing *Hill v. City of Scranton*, 411 F.3d 118, 125 (3d Cir. 2005)) (internal quotation marks omitted). Other than asserting that he was stopped, searched, and arrested based on "racial profiling," however, Phillips does not allege any facts to satisfy the elements of a selective enforcement claim. He does not allege any facts to indicate that other similarly-situated individuals were treated differently than him, nor that the differing treatment was based on an unjustifiable standard such as Phillips's race. *See Brown v. Elizabeth City Police Dep't,* No. 16-2119, 2016 WL 1597933, at *6 (D.N.J. Apr. 21, 2016) (dismissing selective enforcement claim where "Plaintiff . . . pleads no facts whatsoever about how other individuals similarly situated were treated, instead he simply decries the actions of the officers in this matter as 'racial profiling.' Plaintiff thus fails to plead either of the elements of a selective enforcement claim . . ."). Accordingly, Phillips has not stated a plausible Fourteenth Amendment claim but the Court will grant him leave to amend.

3

Finally, Phillips appears to assert a claim against Weinman for lying in his court testimony regarding the circumstances of Phillips's stop and arrest on May 17, 2023. (Compl. at 8.)  However, individuals are entitled to absolute immunity from civil rights claims based on testimony proffered at grand jury proceedings, pretrial hearings, and at trial.  *See Rehberg v. Paulk*, 566 U.S. 356, 369 (2012); *Briscoe v. LaHue*, 460 U.S. 325, 329-30 (1983); *Williams v. Hepting*, 844 F.2d 138, 141 (3d Cir. 1988).  Accordingly, these claims are barred by absolute witness immunity.

IV

For the reasons stated, the Court will grant Phillips's Motion to Lift the Stay and dismiss his Complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  The City of Reading Police Department, Phillips's Fourth Amendment claims against Weinman, and his claim against Weinman for lying under oath will be dismissed with prejudice.  Phillips will be allowed to file an amended complaint in the event he can cure the defects the Court has identified in his Fourteenth Amendment equal protection claim against Weinman.  An appropriate Order with additional information about amendment will be entered separately.

**BY THE COURT:**

*/s/ Gerald J. Pappert*
**Gerald J. Pappert, J.**