# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RAYMOND PHILLIPS,<br>    *Plaintiff*, | :<br>:<br>: |
| v. | :   CIVIL ACTION NO. 25-CV-0171 |
| JEREMY WEINMAN, *et al.*,<br>    *Defendants*. | :<br>:<br>: |

## ORDER

AND NOW, this 19th day of May, 2025, upon consideration of Plaintiff Raymond Phillips's Letter (ECF No. 9), construed as a Motion to Lift the Stay, and his claims that were previously stayed, (*see* ECF Nos. 2, 5, 6), it is **ORDERED** that:

1. The Motion to Lift the Stay (ECF No. 9) is **GRANTED**.

2. The Clerk of Court is **DIRECTED** to remove the STAY flag from this case.

3. For the reasons stated in the Court's Memorandum, the Complaint is **DISMISSED**, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), as follows:

   a. Phillips's claims against Berks County City of Reading Police Department, his Fourth Amendment claims against Defendant Weinman, and his claim against Weinman for lying under oath are **DISMISSED WITH PREJUDICE**. The Clerk of the Court is **DIRECTED** to **TERMINATE** Berks County City of Reading Police Department from the docket.

   b. Phillips's Fourteenth Amendment equal protection claim against Defendant Weinman is **DISMISSED WITHOUT PREJUDICE**.

4. Phillips may file an amended complaint within thirty (30) days of the date of this Order as to his claims dismissed without prejudice. Any amended complaint must identify all defendants in the caption in addition to identifying them in the body of the amended complaint and shall state the basis for Phillips's claims against each defendant. **The amended complaint shall be a complete document that does not rely on the initial Complaint or other papers filed in this case to state a claim. Phillips may NOT reassert a claim that has already been dismissed with prejudice. Claims that are not included in the amended complaint will not be considered part of this case.** When drafting his amended complaint, Phillips should be mindful of the Court's reasons for dismissing the claims in the Complaint as explained in the Court's Memorandum. Upon the filing of an amended complaint, the Clerk shall not make service until so **ORDERED** by the Court.

5. The Clerk of Court is **DIRECTED** to send Phillips a blank copy of the Court's form complaint for a prisoner filing a civil rights action bearing the above civil action number. Phillips may use this form to file his amended complaint if he chooses to do so.

6. If Phillips does not wish to amend his Complaint and instead intends to stand on his Complaint as pled, he may file a notice with the Court within thirty (30) days of the date of this Order stating that intent, at which time the Court will issue a final order dismissing the case. Any such notice should be titled "Notice to Stand on Complaint," and shall include the civil action number for this case. *See Weber v. McGrogan*, 939 F.3d 232 (3d Cir. 2019) ("If the plaintiff does not desire to amend, he may file an appropriate notice with the district court asserting his intent to stand on

the complaint, at which time an order to dismiss the action would be appropriate." (quoting *Borelli v. City of Reading*, 532 F.2d 950, 951 n.1 (3d Cir. 1976))); *In re Westinghouse Sec. Litig.*, 90 F.3d 696, 703–04 (3d Cir. 1996) (holding "that the district court did not abuse its discretion when it dismissed with prejudice the otherwise viable claims . . . following plaintiffs' decision not to replead those claims" when the district court "expressly warned plaintiffs that failure to replead the remaining claims . . . would result in the dismissal of those claims").

      7.     If Phillips fails to file any response to this Order, the Court will conclude that he intends to stand on his Complaint and will issue a final order dismissing this case.[1] *See Weber*, 939 F.3d at 239-40 (explaining that a plaintiff's intent to stand on his complaint may be inferred from inaction after issuance of an order directing him to take action to cure a defective complaint).

                                          **BY THE COURT:**

                                          */s/ Gerald J. Pappert*
                                          **Gerald J. Pappert, J.**

---

[1] The six-factor test announced in *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863 (3d Cir. 1984), is inapplicable to dismissal orders based on a plaintiff's intention to stand on his complaint. *See Weber*, 939 F.3d at 241 & n.11 (treating the "stand on the complaint" doctrine as distinct from dismissals under Federal Rule of Civil Procedure 41(b) for failure to comply with a court order, which require assessment of the *Poulis* factors); *see also Elansari v. Altria*, 799 F. App'x 107, 108 n.1 (3d Cir. 2020) (*per curiam*). Indeed, an analysis under *Poulis* is not required when a plaintiff willfully abandons the case or makes adjudication impossible, as would be the case when a plaintiff opts not to amend his complaint, leaving the case without an operative pleading. *See Dickens v. Danberg*, 700 F. App'x 116, 118 (3d Cir. 2017) (*per curiam*) ("Where a plaintiff's conduct clearly indicates that he willfully intends to abandon the case, or where the plaintiff's behavior is so contumacious as to make adjudication of the case impossible, a balancing of the *Poulis* factors is not necessary."); *Baker v. Accounts Receivables Mgmt., Inc.*, 292 F.R.D. 171, 175 (D.N.J. 2013) ("[T]he Court need not engage in an analysis of the six *Poulis* factors in cases where a party willfully abandons her case or otherwise makes adjudication of the matter impossible." (citing cases)).